SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Murad Abu Alia,**<br>Petitioner<br>-vs-<br>**Warden CCA, et al.,**<br>Respondent(s) | CV-06-0569-PHX-JAT (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, previously incarcerated in the INS Processing Center in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 24, 2006 (#1), challenging his detention without bond while awaiting removal.

Although Respondents have not yet responded, in light of Petitioner's failure to prosecute, the Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On February 24, 2006, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 24, 2006 (#1), challenging his detention without bond in the INS Processing Center in Florence, Arizona, while awaiting removal. Petitioner's Petition alleges that he is a Palestinian who was ordered removed on May 4, 2005, and at the time of his Petition had been detained for longer than 180 days. Petitioner alleges that requests for travel documents from Israel, Egypt and Jordan have not been fruitful. (Petition, #1 at 3-4.)

On June 1, 2006, Respondents filed a Motion to Extend Time to file a responsive pleading (#15), noting that Petitioner was originally incarcerated at a detention facility in Miami, Florida, had been relocated to Arizona due to hurricane activity in the southeast. Respondents argue that Petitioner was released from custody on April 5, 2006, and has relocated to Coral Springs, Florida. (Motion, #15 at 2.)  Petitioner has not filed a notice of change of address.

On June 6, 2006, the undersigned issued an Order (#16) giving Petitioner fifteen days to either: (1) file a notice of change of address; or (2) show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered.  That Order further gave Petitioner fifteen days to show cause why his Petition should not be dismissed as moot in light of his apparent release from custody. Copies of that order were mailed to Petitioner at his address of record and to the address provided by Respondents in Coral Springs, Florida.

Petitioner has not responded.  The copy of the order sent to Petitioner's address of record had been returned undeliverable (#17).  The copy sent to Petitioner's Florida address has not been returned.

### III. APPLICATION OF LAW TO FACTS

### A. MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.*   A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome.  The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor.  "That is, whether the court can 'undo' the effects of the alleged wrongdoing."   *Reimers v. Oregon*, 863 F.2d 630, 632 (9th

1  Cir. 1989).

2      A habeas petition may be rendered moot following a subsequent release from custody,

3  absent other, collateral consequences that flow from the complained of imprisonment.  *Lane*

4  *v. Williams,* 455 U.S. 624 (1982).  While the existence of such collateral consequences is

5  irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v.*

6  *New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such

7  presumption applies to habeas petitions challenging deportation orders.

8      Here, Petitioner does not challenge his underlying removal order, but merely his

9  continued detention pending the execution of that order.  However, although that detention has

10  terminated, Petitioner remains subject to conditions of supervision.  Under those

11  circumstances, there may yet remain relief which may be granted. *Reimers, supra.*  Moreover,

12  Petitioner has not yet been heard from on whether the matter is moot.

13      However, in light of Petitioner's failure to prosecute, the Court need not resolve that

14  issue to dispose of this matter.

15

16  **B.  FAILURE TO PROSECUTE**

17      "The authority of a court to dismiss sua sponte for lack of prosecution has generally

18  been considered an 'inherent power,' governed not by rule or statute but by the control

19  necessarily vested in courts to manage their own affairs so as to  achieve the orderly and

20  expeditious disposition of cases."   *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962).

21  "Accordingly, when circumstances make such action appropriate, a District Court may dismiss

22  a complaint for failure to prosecute even without affording notice of its intention to do so or

23  providing an adversary hearing before acting. Whether such an order can stand on appeal

24  depends not on power but on whether it was within the permissible range of the court's

25  discretion." *Id.* at 633.

26      In determining whether an abuse of discretion has occurred, a number of factors are

27  relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the

28  danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and

1  the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune*
2  *Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

3  　　　Despite having twice been given specific notice (Notice of Assignment, #2 at 2; Order,
4  #3 at 2) of his obligation to file a notice of change of address, and an order (#16) specifically
5  directing him to do so, Petitioner has failed to keep his current address on file with the Court.

6  　　　Petitioner has failed to prosecute this action, and dismissal is therefore within the
7  discretion of the Court. *Link v. Wabash R. Co., supra.*  In the instant case, Petitioner appears
8  to have abandoned this action upon his release from custody.  Petitioner has had over two
9  months since his release to file a notice of change of address.  Further delay to the Court and
10 to Respondent is not warranted.  Also, Petitioner has received adequate warning of the
11 potential of such action, and in light of Petitioner's refusal to respond to the Court, less
12 onerous sanctions will be ineffective.

13
14
15  　　　　　　　　　　　**IV.  RECOMMENDATION**
16  　　　**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of
17  Habeas Corpus (#1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

18
19
20  　　　　　　　　　　　**V. EFFECT OF RECOMMENDATION**
21  　　　This recommendation is not an order that is immediately appealable to the Ninth Circuit
22  Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate*
23  *Procedure*, should not be filed until entry of the district court's judgment.

24  　　　However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall
25  have ten (10) days from the date of service of a copy of this recommendation within which to
26  file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section
27  2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response
28  to the objections.  Failure to timely file objections to any factual or legal determinations of

the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: June 28, 2006

_____
JAY R. IRWIN
United States Magistrate Judge